IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHARLES E. EASTHAM,** | ) | Case No. 4:07CV3115 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | ANSWER |
| | ) | |
| **THE BURLINGTON NORTHERN SANTA FE RAILWAY n/k/a BNSF RAILWAY COMPANY, a Delaware Corporation,** | ) ) ) ) ) | |
| **Defendant.** | ) | |

COMES NOW defendant BNSF Railway Company (hereinafter BNSF) and for its Answer admits, denies, states and alleges:

1. Admits the allegations of paragraph 1 of the Complaint.

2. Admits the allegations of paragraph 2 of the Complaint.

3. Admits the allegations of paragraph 3 of the Complaint.

4. Denies the allegations of paragraph 4 of the Complaint.

5. States the allegations of paragraph 5 of the Complaint constitute legal conclusions and do not require an answer of BNSF. If an answer is required, BNSF admits only so much of the allegations of paragraph 5 wherein it is generally alleged that plaintiff's right, <u>if any</u>, to recover damages in this action is governed by the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*

6. States the allegations of paragraph 6 of the Complaint constitute legal conclusions and do not require an answer of BNSF. If an answer is required, BNSF admits only so much of the allegations of paragraph 6 wherein it is generally alleged

that the subject matter jurisdiction of this Court, <u>if any</u>, is governed by the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*

7. States it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and therefore denies same.

8. States it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore denies same.  Defendant specifically denies that it instructed plaintiff or other Union Pacific Railroad Company welders or provided Union Pacific Railroad Company welders with tools or equipment with which to perform their work.

9. Denies the allegations of paragraph 9 of the Complaint.

10. States the allegations of paragraph 10 of the Complaint constitute legal conclusions and do not require an answer of this defendant.  If an answer is required, defendant denies the allegations of paragraph 10 of the Complaint.

11. Denies the allegations of paragraph 11 of the Complaint.

12. States it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore denies same.

13. States it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore denies same.

14. States it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and therefore denies same.

15. States it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and therefore denies same.

16. Denies the allegations of paragraph 16 of the Complaint.

17. Denies the allegations of paragraph 17 of the Complaint.

18. Denies the allegations of paragraph 18 of the Complaint.

19. Specifically denies plaintiff sustained injury while working within the course and scope of his employment with BNSF or sustained injury as a result in whole or in part of any negligence on the part of BNSF, its agents or employees.

20. Generally denies each and every allegation of the Complaint not admitted herein, excepting only those allegations which may be deemed to be admissions of plaintiff or admissions against his own interest.

21. Alleges any injuries or damages allegedly sustained by plaintiff were solely and proximately caused or were contributed to by his own acts not associated with employment with BNSF or by other illness or injury not associated with employment with BNSF.

22. Alleges any work-related injuries which might have been sustained by plaintiff as described in the Complaint, which is denied herein by BNSF, were caused in whole or in part by his own negligence.

23. Alleges the Complaint fails to state a claim upon which relief can be granted against BNSF.

24. Alleges plaintiff failed to mitigate his alleged damages.

25. Alleges any personal injuries allegedly suffered by plaintiff were caused, in whole or in part, by:

   a. pre-existing medical conditions;

   b. other contributory or concurrent conditions or factors occurring prior or subsequent to the events made the basis of plaintiff's Complaint; or

   c. the negligence of persons, corporations or entities other than BNSF.

26. Alleges if any other person, corporation or entity is found to be negligent or otherwise liable to plaintiff on his Complaint, the conduct of such person, corporation or entity must be considered and compared by the trier of fact to determine their respective percentage of fault or liability.

27. Alleges all claims for relief pursued in the Complaint are now barred by the applicable statute of limitations.

28. Alleges all claims for relief pursued in the Complaint are now barred under the doctrine of estoppel.

29. Alleges all claims for relief pursued in the Complaint are preempted, superseded or otherwise precluded by federal law.

30. Alleges any act or failure of BNSF as alleged in the Complaint was not a substantial factor or proximate cause of the damages alleged.

31.     Alleges a lien may have been filed by the United States of America Railroad Retirement Board for benefits paid to plaintiff as a result of the injuries claimed in the Complaint, pursuant to § 12(o) of the Railroad Unemployment Insurance Act. Because said benefits would continue since the above lien, the amount of the lien may increase accordingly to the time of any settlement or judgment, or until said benefits have again been exhausted.

32.     Alleges supplemental sickness benefits have been or may be paid to plaintiff pursuant to a group supplemental sickness benefit plan which plan is governed by provisions of the collective bargaining agreement under which plaintiff is employed by defendant, and that pursuant to the provision of the collective bargaining agreement and the supplemental sickness plan all benefits paid to plaintiff must be applied to satisfy any recovery by the way of settlement or judgment which the plaintiff may make pursuant to the Complaint, against BNSF.

WHEREFORE, BNSF prays that each claim for relief alleged in the Complaint be dismissed and BNSF recover its costs herein, and in the alternative, for judgment that the total sum of credits, including any continuing benefits be allowed as credits against the amount of any judgment determined in favor of plaintiff.

Dated this 25th day of October, 2007.

                                                BNSF RAILWAY COMPANY, Defendant

                              By     *s/ Thomas C. Sattler*
                                      Thomas C. Sattler, #16363
                                      WOLFE, SNOWDEN, HURD,
                                        LUERS & AHL, LLP
                                      Wells Fargo Center
                                      1248 "O" Street, Suite 800
                                      Lincoln, NE 68508
                                      Tel: (402) 474-1507
                                      Fax: (402) 474-3170
                                      Email: tsattler@wolfesnowden.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 25, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to the following:

       James L. Cox, Jr.
       Rossi, Cox & Vucinovich, P.C.
       3801 E. Florida Ave., Suite 905
       Denver, CO  80210-2500

                              BY:    *s/Thomas C. Sattler*
                                      Thomas C. Sattler, #16363
                                      Attorney for Defendant
                                      WOLFE, SNOWDEN, HURD,
                                        LUERS & AHL, LLP
                                      Wells Fargo Center
                                      1248 "O" Street, Suite 800
                                      Lincoln, NE  68508
                                      Tel:   (402) 474-1507
                                      Fax:   (402) 474-3170
                                      E-mail: tsattler@wolfesnowden.com