IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES E. EASTHAM, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3115 |
| | ) | |
| v. | ) | |
| | ) | |
| THE BURLINGTON NORTHERN | ) | **MEMORANDUM** |
| SANTA FE RAILROAD | ) | **AND ORDER** |
| COMPANY, a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon Defendant's motion for summary judgment (filing 46). Plaintiff was a welder for Defendant for many years and claims he sustained injuries from manganese toxicity during the course of his employment with Defendant as a welder. Defendant seeks summary judgment for the reason that the statute of limitations had run before this suit was filed. I will deny the motion.

Plaintiff asserts a claim under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq. The three-year FELA statute of limitations applies. 45 U.S.C. § 56. The parties agree that a FELA cause of action for occupational disease begins to run when the plaintiff knows or reasonably should know of the existence and cause of his injury. See, e.g., United States v. Kubrick, 444 US 111, 121-23 (1979); Fletcher v. Union Pac. RR. Co., 621 F.2d 902, 906 (8th Cir. 1980). They also agree that an objective standard is used to assess whether a plaintiff exercised reasonable diligence to determine the cause of an injury. See, e.g., Garza v. U.S. Bureau of Prisons, 284 F.3d 930, 935 (8th Cir. 2002) (Federal Tort Claims Act case). Where the parties differ is on the question whether Plaintiff acted reasonably to determine the cause of a tremor in his left hand in 1992.

The parties agree that prior to 1992 Plaintiff knew of dangers associated with welding with manganese, and that frequent physical exams and blood tests were suggested for people who used welding products containing manganese. (*See, e.g.*, filing 47, D.'s Br. in Supp. of Mot. for Summ. J. at p. 10, statement of fact no. 31.) The parties further agree that Plaintiff consulted his family physician in 1992 when he had symptoms of numbness and a left hand tremor (*id.* at p. 15, statement of fact no. 48), and that he specifically requested blood testing for manganese toxicity at the 1992 doctor visit because he wanted to find out if he had a problem related to manganese exposure (id. at p. 17, statement of fact no. 54). The blood tests came back normal.[1] At the 1992 doctor visit, Plaintiff was diagnosed with "early carpal tunnel on the left." (Filing 57-6 at CM/ECF p.3.)[2]

Viewed objectively, Plaintiff did all that a reasonable person would do to determine the cause of the tremor in his left arm in 1992. He consulted a doctor, specifically requested testing for manganese toxicity, was advised that the blood tests were normal, and received a diagnosis that explained his tremor (carpal tunnel syndrome). The cause of action did not accrue in 1992. This suit was filed on April 23, 2007. (Filing 6.) Plaintiff's tremor did not worsen until the end of 2004. (Filing

---

[1]Though Defendant objected to the evidence Plaintiff submitted to establish that the blood tests came back normal (filing 59, D.'s Reply Br. at 7), Defendant's opening brief included the following undisputed fact: "After plaintiff was tested in 1992 *and despite that he was advised by Dr. Hinrich's office that his blood test was 'normal*,'" he did not further investigate the cause of his tremor (filing 47, D.'s Br. in Supp. of Mot. for Summ. J. at 18 (emphasis added)).

[2]Defendant objected to this evidence, asserting that there was insufficient evidence that the affiant who attached a copy of the doctor's note was the proper records custodian. I find that there is sufficient foundation for the note, and that there are corroborating statements in Plaintiff's deposition–which Defendant specifically *cites*, albeit to support other assertions–indicating that Plaintiff was diagnosed with carpal tunnel in 1992. (Filing 47, D.'s Br. in Supp. of Mot. for Summ. J., at 17.)

59, D.'s Reply Br., at 9.)  This is the earliest point at which the cause of action accrued, and it is within the three year limitations period.

    Accordingly,

    IT IS ORDERED that Defendant's Motion for Summary Judgment (filing 46) is denied.

    July 2, 2008.                    BY THE COURT:

                                          *s/Richard G. Kopf*
                                          United States District Judge