# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CHARLES E. EASTHAM,** ) | **Case No. 4:07CV3115** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| **THE BURLINGTON NORTHERN** ) | |
| **SANTA FE RAILWAY n/k/a BNSF** ) | |
| **RAILWAY COMPANY, a Delaware** ) | |
| **Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to certain BNSF Industrial Hygiene data and files disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain valuable proprietary and trade secret information or other confidential assessments, research, development or commercial information of the BNSF (**Confidential Material**), the following procedures shall govern:

1. This Order is meant to encompass all forms of disclosure which may contain **Confidential Material**, including any compact disk, document, study, assessment, pleading, motion, exhibit, affidavit, deposition transcript, testimony and all other tangible things (electronic media, photographs, videocassettes, etc.).

2. BNSF has designated twelve compact disks containing files and other documents obtained from its Industrial Hygiene database at the specific request of plaintiff herein, as **Confidential Material** and produced to plaintiff in this Lawsuit and

subject to the terms of this Order by marking such materials "Confidential and Proprietary Trade Secret Information and Data—DO NOT COPY". The parties hereby agree that all materials contained on these twelve disks as designated shall not be copied nor disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and to the Court as necessary.

3. All of the material contained on the twelve compact disks produced as identified herein as **Confidential Material** pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to dissemination or disclosure of any **Confidential Material** each person to whom disclosure is to be made (for example, to any expert witness) shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Stipulated Protective Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record for plaintiff in this Lawsuit shall be permitted to disseminate or disclose **Confidential Material**. Upon dissemination or disclosure of any **Confidential Material**, counsel of record for plaintiff shall maintain a written record as to: (1) the identity of any person given **Confidential Material**, and (2) the identity of the **Confidential Material** so disseminated or disclosed. Such record shall be made available to counsel for BNSF upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any **Confidential Material** until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event any question is asked at a deposition that calls for the disclosure of **Confidential Material**, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) counsel of record for plaintiff is notified of the designation in writing within thirty days after receipt by counsel for BNSF of the respective deposition transcript. All previous and further deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to the paragraphs above.  When **Confidential Material** is incorporated in a deposition transcript, counsel for the BNSF shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of **Confidential Material** during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. With respect to any communications to the Court including any pleadings, motions or other papers, all documents containing **Confidential Material** shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER". All communications shall indicate clearly which portions are designated to be "Confidential". All twelve of the original compact disks and any copies of materials printed therefrom as well as any communications containing **Confidential Material** shall be returned to counsel for

3

BNSF upon termination of this lawsuit (whether by dismissal or final judgment).

10. The Clerk of this Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal. All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the following statement: "Enclosed are confidential materials filed in this case pursuant to a Protective Order entered by the Court, and the contents shall not be examined except pursuant to further order of the Court."

11. If counsel of record for plaintiff is subpoenaed or ordered to produce **Confidential Material** by another court or administrative agency, such party shall promptly notify counsel for the BNSF of the pending subpoena or order and shall not produce any **Confidential Material** until the BNSF has had reasonable time to object or otherwise take appropriate steps to protect such **Confidential Material**.

12. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

13. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

14. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all **Confidential Material** shall be returned to counsel for BNSF. In addition, counsel returning such material shall execute an affidavit verifying that all **Confidential Material** produced to such counsel is being returned in their entirety

4

pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated **Confidential Material**, and (2) confirmed that all such material has been returned to disseminating counsel.

15. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

16. The signatories to this Stipulation, to expedite the execution of this agreement further stipulate that the parties may sign this in counterpart on individual pages which will ultimately be attached hereto, the final instrument resulting to constitute one document, rather than requiring the routing of the combined signatory sheets to each party and signatory.

IT IS SO STIPULATED:

CHARLES E. EASTHAM, Plaintiff

By    *s*/JAMES L. COX, JR. _____
James L. Cox, Jr. #20223
Rossi, Cox & Vucinovich, P.C.
3801 E. Florida Ave., Suite 905
Denver, CO  80210-2500
Telephone: (303)759-3500
Telephone:  (800) 325-4014
Facsimile:  (303)759-3180
jcox@rcvpc.com

BNSF RAILWAY COMPANY, Defendant

By    *s/ Thomas C. Sattler* _____
Thomas C. Sattler, #16363
WOLFE, SNOWDEN, HURD,
  LUERS & AHL, LLP
Wells Fargo Center
1248 "O" Street, Suite 800
Lincoln, NE 68508
Tel:  (402) 474-1507
Fax: (402) 474-3170
Email:  tsattler@wolfesnowden.com

IT IS ORDERED.

Dated:  July 10, 2008    s/ *Richard G. Kopf*
UNITED STATES DISTRICT JUDGE
DISTRICT OF NEBRASKA

## CONFIDENTIALITY AGREEMENT

BEING DULY SWORN, I hereby attest to the following:

(1) It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in Charles E. Eastham v. The Burlington Northern Santa Fe Railway n/k/a BNSF Railway Company, a Delaware Corporation, by the United States District Court for the District of Nebraska ("Court").

(2) I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

(3) I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order.

(4) It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

(5) I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.


Dated:_____          _____
                                        Signature

                                        _____
                                        Printed Name

      SUBSCRIBED   and   sworn   to   before   me   this   ___   day   of
_____, 2008.  Witness may hand and official seal.

                                        _____
                                        Notary Public

7